# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

CHANGE LOR, KONG LOR, and
BEE YANG, on behalf of themselves
and all others similarly situated,

Plaintiffs

v.  Case No.

LEE TRANSPORATION, LLC, TIMOTHY LEE,
and JAY KU XIONG,

Defendants

# COMPLAINT

Plaintiffs, Change Lor, Kong Lor, and Bee Yang, on behalf of themselves and all others similarly situated, allege as follows:

## INTRODUCTION

1. Defendant, Lee Transportation LLC, ("Lee") provides non-emergency medical transportation for individuals with health needs in order for them to attend medical appointments or to receive medical care. Lee employs Drivers who utilize Lee's vehicles to transport customers to medical appointments throughout the State of Wisconsin. Lee classifies Drivers as exempt from the overtime protections of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, despite the fact that their primary job duties consist of providing non-emergency medical transportation services. Due to Lee's misclassification of Drivers, it fails to properly pay them for all of the time it requires them to work, systemically denying them their earned wages and overtime compensation through its company-wide policies and practices that violate the FLSA. Plaintiffs seek to represent other current and former Drivers employed by the Defendants in this collective action alleging that Lee misclassifies Drivers and fails to pay overtime wages

as required by the FLSA. Plaintiffs seek relief from the court in the form of unpaid wages, liquidated damages, attorneys' fees, and costs of suit.

## JURISDICTION AND VENUE

2. This court has jurisdiction over this matter under 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a). The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. § 1391, in that during all times material hereto, Lee employed Drivers and engaged in a business affecting commerce within the Eastern District of Wisconsin.

## TRIAL BY JURY IS DEMANDED

3. The Plaintiffs demand that their claims be tried to a jury of their peers.

## PARTIES

4. Plaintiff, Change Lor, is an adult male and currently resides at 9239 W. Sheridan Avenue, Apt. No. 3, Milwaukee, Wisconsin. Change Lor is employed by the Defendants as a Driver, has worked substantial hours of overtime, and has not been properly paid for working overtime hours.

5. Plaintiff, Kong Lor, is an adult male and currently resides at 5808 N. 83rd Street, Milwaukee, Wisconsin. Kong Lor was employed by the Defendants as a Driver, worked substantial hours of overtime, and was not been properly paid for working overtime hours.

6. Plaintiff, Bee Yang, is an adult male and currently resides at 6458 N. 104th Street, Milwaukee, Wisconsin. Bee Yang is employed by the Defendants as a Driver, has worked substantial hours of overtime, and has not been properly paid for working overtime hours.

7. At all times material hereto, the Plaintiffs are current or former employees of the Defendant as that term is defined pursuant to 29 U.S.C. § 201.

8. Defendant, Lee Transportation, LLC, is a Wisconsin limited liability corporation (currently delinquent) with its office and operations located at 8229 W. Capital Drive, Milwaukee, Wisconsin. At all times relevant hereto, Lee Transportation, LLC was an employer engaged in an industry affecting commerce, and has been a covered entity under the FLSA pursuant to 29 U.S.C. §§ 201, *et seq.*

9. Defendant, Timothy Lee, is the President, owner, and operator of Lee Transportation, LLC. Among other things, Defendant Timothy Lee has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures. Timothy Lee was the Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d).

10. Defendant, Jay Ku Xiong, is the Office Manager for Lee Transportation, LLC. Among other things, Defendant Jay Ku Xiong has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures. Jay Ku Xiong was the Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d).

## FACTUAL ALLEGATIONS

11. Lee Transportation, LLC provides non-emergency medical transportation (NEMT) services for individuals who need assistance traveling to and returning from medical appointments.

12. Lee employs Drivers to operate its fleet of vehicles in order to provide NEMT services to its customers. The Plaintiffs, and other similarly situated individuals, were employed by the Defendants as Drivers. Drivers were required to operate vehicles owned or leased by Lee Transportation, LLC, to transport individuals to and from non-emergency medical appointments. Drivers often worked long shifts in excess of twelve hours based on customer assignments, and regularly worked more that 40 hours per week.

13. Lee Transportation, LLC documents hours worked by its Drivers, but does not pay its Drivers time and half for any hours worked over 40 hours per week. The Defendants' nonpayment of overtime wages violates the FLSA and Drivers are entitled to back wages as a result of the Defendants' conduct.

14. The Defendants do not permit its Drivers to take a meal break during their shifts and require employees to complete all assignments before being allowed to clock out and leave work for the day.

15. Plaintiffs are informed and believe that the Defendants maintain a policy and practice of classifying all of its Drivers as exempt under the FLSA and does not pay them earned overtime wages.

16. Plaintiffs bring this action as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and a proposed collection of

4

similarly situated employees defined as: All current and former Drivers employed by Lee within the last three years.

17. Plaintiffs, individually, and on behalf of other similarly situated employees defined above, seek relief on a collective basis challenging the Defendants' policy and practice of misclassifying Drivers as exempt from the FLSA's overtime requirements and failing to properly pay Drivers for all hours worked, including overtime compensation. The number and identity of other similarly situated persons yet to opt-in and consent to be party plaintiffs may be determined from the records of Lee Transportation, LLC, and potential opt-ins may be easily and quickly notified of the pendency of this action. Plaintiffs' consents to join this action are attached as Exhibit 1.

**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

18. Plaintiffs, on behalf of themselves and all others similarly situated, re-alleges the allegations set forth above.

19. At all times material herein, Plaintiffs and similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§201, *et seq.*

20. The FLSA regulates, among other things, the payment of overtime pay by employers engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. The Defendants are subject to the requirements of the FLSA because collectively they are an enterprise engaged in interstate commerce and their employees are engaged in commerce.

21. Plaintiffs and all similarly situated employees are victims of the Defendants' uniform and company-wide policies and practices that violate the FLSA. The Defendants have violated the FLSA by, among other things, misclassifying Drivers as exempt from overtime and requiring them to work more than 40 hours per week without compensating them for overtime at one-and-one half times the employees' regular rates of pay. These policies and practices, in violation of the FLSA, have been applied to all Drivers employed by the Defendants.

22. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from the FLSA's overtime pay obligations. None of the FLSA exemptions apply to Plaintiffs and similarly situated Drivers.

23. Plaintiffs and all similarly situated employees are entitled to damages equal to the unpaid overtime pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because the Defendants acted willfully and knew or showed reckless disregard for whether this conduct was prohibited by the FLSA.

24. The Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages in this action, and/or prejudgment interest at the applicable legal rates. 29 U.S.C. §216(b).

25. As a result of the aforesaid violations of the FLSA's provisions, compensation has been unlawfully withheld by the Defendants from Plaintiffs and all similarly situated employees. Accordingly, the

Defendants are liable, jointly and severally, for all unpaid wages, together with an additional equal amount as liquidated damages, pre and post judgment interest, reasonable attorneys fees, and costs of this action. 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of a proposed collection of all other similarly situated, prays for relief as follows:

- A. An order certifying that this action may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the opt-in FLSA collection, apprising them of the pendency of this action, and permitting them to "opt-in" and assert timely FLSA claims;

- B. Judgment declaring that the actions of the defendant described herein have violated the plaintiffs' FLSA rights under 29 U.S.C. §§ 201, *et seq.*;

- C. Judgment against defendants, jointly and severally, awarding damages for all wages, employment benefits and other compensation lost by reason of the violation;

- D. Judgment against the defendants, jointly and severally, awarding plaintiffs costs, disbursements, prejudgment interest, and actual attorney's fees incurred in prosecuting this claim, together with interest on said attorney's fees;

- E. Liquidated damages;

- F. Pre- and post-judgment interest;

G. Injunctive and declaratory relief to prohibit the unlawful acts, policies, and practices alleged herein, and

H. Any other relief this Court deems necessary and just.

Dated this 13th[th] day of February 2017.

                          <u>s/ Robert M. Mihelich</u>
                          Robert M. Mihelich
                          State Bar No. 1022106
                          Attorney for Plaintiffs
                          LAW OFFICES OF ROBERT M. MIHELICH
                          2665 S. Moorland Road, Ste. 200
                          New Berlin, WI 53151
                          Phone: (262) 789-9300
                          Email: attyrmm@bizwi.rr.com

# LEE TRANSPORATION, LLC.
# PLAINTIFF CONSENT FORM

1.  I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., against my current/former employer, Lee Transportation, LLC, Timothy Lee, Jay Ku Xiong, and any other related individuals or entities acting as my employer to recover overtime pay.

2.  During times in the past three years, there were occasions when I worked over 40 hours per week for the Defendants as a Driver and did not receive proper compensation for my overtime hours worked.

3.  If this case does not proceed collectively, than I also consent to join any subsequent action to assert these claims against the Defendants and any other related entities or affiliates.

4.  I understand that I may withdraw my consent to proceed with my clients at any time by notifying the attorney handling this matter.

Date: 01/26/2017

Signature: *(signed)*

Print Name: Change Lor

# LEE TRANSPORATION, LLC.
# PLAINTIFF CONSENT FORM

1.    I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., against my current/former employer, Lee Transportation, LLC, Timothy Lee, Jay Ku Xiong, and any other related individuals or entities acting as my employer to recover overtime pay.

2.    During times in the past three years, there were occasions when I worked over 40 hours per week for the Defendants as a Driver and did not receive proper compensation for my overtime hours worked.

3.    If this case does not proceed collectively, than I also consent to join any subsequent action to assert these claims against the Defendants and any other related entities or affiliates.

4.    I understand that I may withdraw my consent to proceed with my clients at any time by notifying the attorney handling this matter.

Date: 1/1/2017

_____
Signature

Bee Yang
_____
Print Name

# LEE TRANSPORATION, LLC.
# PLAINTIFF CONSENT FORM

1.  I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., against my current/former employer, Lee Transportation, LLC, Timothy Lee, Jay Ku Xiong, and any other related individuals or entities acting as my employer to recover overtime pay.

2.  During times in the past three years, there were occasions when I worked over 40 hours per week for the Defendants as a Driver and did not receive proper compensation for my overtime hours worked.

3.  If this case does not proceed collectively, than I also consent to join any subsequent action to assert these claims against the Defendants and any other related entities or affiliates.

4.  I understand that I may withdraw my consent to proceed with my clients at any time by notifying the attorney handling this matter.

Date: 1/25/17

Signature: *[signed]*

Print Name: Kong Lor