UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

CHANGE LOR,
KONG LOR, and
BEE YANG, on behalf of themselves and
all others similarly situated,

        Plaintiffs,

    vs.                                                              Case No. 17-CV-00199

LEE TRANSPORTATION, LLC,
TIMOTHY LEE, and
JAY KU XIONG,

        Defendants.

## JOINT MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE
## AND ENTRY OF MANDATORY INJUNCTION

      Pursuant to FED. R. CIV. P. 7(b) and Civ. L. R. 7, the Parties, by their undersigned counsel, hereby respectfully move the Court for an Order to (a) approve their Settlement Agreement; (b) award Attorneys' fees and costs; and (c) upon approval of the Settlement Agreement and an award of attorneys' fees and costs, dismiss this action with prejudice and without further costs to any party pursuant to FED. R. CIV. P. 41. In support of this motion, the Parties state as follows:

      1.      This is an action brought under the Fair Labor Standards Act ("FLSA"). The Parties have reached a settlement. Pursuant to that settlement, in exchange for a monetary payment, the Plaintiffs are required to dismiss their FLSA claims as asserted in the Complaint with prejudice and release the Defendants from any further liability under the FLSA and Wisconsin wage and hour laws for the time period in question. A copy of the parties' Settlement and Release Agreement is being filed as Exhibit A to this motion. However, in order for a private settlement of FLSA claims to be enforceable, the settlement must be approved by the Department of Labor ("DOL") or a district

court. *See, e.g., Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *Adams v. Walgreen Co.*, Case No. 14-cv-1208-jps, 2015 WL 4067752, at *1 (E.D. Wis. July 2, 2015).

2. In reviewing proposed settlement agreements, courts "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the parties. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted). Resolution of litigation by settlement is favored by the federal courts. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996). Other factors considered are the complexity, expense, and likely duration of the litigation; the stage of the proceedings and the amount of discovery completed; the risks of establishing liability; the risks of establishing damages; the ability of the defendants to withstand greater judgment; and the range of reasonableness of the settlement funds to a possible recovery in light of all the attendant risks of litigation. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

3. Because the Parties believe they have reached a fair, reasonable, and adequate resolution of disputed issues, they are seeking this Court's approval of their Settlement Agreement along with dismissal of the action with prejudice.

4. Pursuant to Civ. L. R. 7, the Parties hereby certify that this joint motion is submitted without a supporting memorandum of law in order to avoid further incurring attorneys' fees and costs which would accrue in briefing this Settlement Agreement to the Court and which, if incurred, may otherwise be a barrier to the parties' ability to resolve this matter in a mutually-agreeable manner.

5. Defendant Lee Transportation LLC is a non-emergency medical transport agency contracted to provide transportation services to individuals throughout Wisconsin.

6. Defendant Timothy Lee is the President and owner of Lee Transportation LLC.

7. Defendant Jay Ku Xiong is the Office Manager for Lee Transportation, LLC.

8. Plaintiffs Change Lor, Kong Lor,. And Bee Yang ("Plaintiffs"), and the collective action members have been employed by Defendants as drivers at times since February 14, 2014.

9. On February 14, 2017, Plaintiffs filed a collective and class action lawsuit alleging that Defendants failed to pay them and other Drivers at the mandated overtime rates for all hours worked in excess of forty in a workweek.

10. On March 8, 2017, Defendants filed their answer in this matter in which they denied the allegations of Plaintiff's complaint or that they violated the FLSA.

11. During the course of discovery and investigation, the Parties identified a number of disputes that were likely to impact the litigation of this matter moving forward, including:

(a.) Whether all hours Plaintiffs claimed to have worked constitute "work" for purposes of calculating overtime requirements under FLSA;

(b.) Whether Plaintiffs were entitled to the recovery of liquidated damages for any of their claims under the FLSA; and

(c.) Whether Plaintiffs were entitled to a two-year versus three-year statute of limitations.

12. Rather than incurring expenses in amending the complaint to assert additional collective and class claims or brief the Court on Plaintiffs' proposed motion for conditional certification of the FLSA collective action, the Parties stipulated to conditional certification of the FLSA collective class and agreed to exchange time and payroll records in order to evaluate the claims as alleged in the complaint as well as the other, off-the-clock claims alleged by Plaintiffs.

13. After the time period for opting-into the putative class closed, Defendants produced time and payroll information to Plaintiffs' Counsel for review and analyze in order to determine potential damages in this matter.

14. Plaintiffs' Counsel was required to perform substantial calculations related to Defendants' time records for the collective class in order to determine total weekly hours worked, and engaged an accountant to perform said calculations.

15. Through analyzing Defendants' time and pay data, Plaintiffs' Counsel was further able to determine workweeks in which it appeared that Defendants' underpaid the collective class for overtime hours in possible violation of FLSA.

16. Counsel for the parties are experienced in litigating collective and class action wage and hour lawsuits under the FLSA and Wisconsin law. Based on their experiences, Counsel engaged in arms-length, good faith settlement negotiations after the close of the Opt-In Period for Plaintiffs and the collective class in light of the disputed issues remaining to be resolved, the expense of continued litigation, and the inherent risks of litigation.

17. Once Plaintiffs' Counsel had analyzed the potential damages and provided its damages calculations to Defense Counsel for review, Counsel for the Parties worked at arm's-length to negotiate a settlement that encompassed two different settlement funds:

18. $99,000 to the Plaintiffs and the opt-in collective members for unpaid overtime wages and liquidated damages against the Defendants;

19. $31,000 to Plaintiff's counsel, Law Offices of Robert M. Mihelich, for attorney fees and costs incurred in this action.

20. Due to concerns about the Defendants' ability to withstand a potential judgment in this matter, Counsel for the Parties negotiated that the settlement be paid out in installments, consisting of $60,000 within 10 business days of the Court's approval of the Settlement Agreement and $5,000 per month thereafter, beginning 30 days after the due date of the initial payment, as set forth in the Settlement Agreement and Exhibits.

21. The settlement funds were allocated according to Counsel's understanding of the potential strengths and risks of continued litigation over the different claims alleged.

22. The settlement funds to the Plaintiffs have been allocated to the Plaintiffs based on a pro-rata basis in light of Plaintiffs' Counsel's review of the Defendants' time and payroll records for the Plaintiffs in the statutory period.

23. Attorneys' fees and costs are also recoverable under the FLSA. *See* 29 U.S.C. § 216(b) and Wis. Stat. § 109.03(6). Plaintiffs "who favorably settle their cases, are entitled to reasonable attorney's fees under the FLSA." *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001). To determine a "a reasonable attorney's fee" under 29 U.S.C. § 216(b), "the district court must make that assessment, at least initially, based on a calculation of the 'loadstar' – the

hours reasonably expended multiplied by the reasonable hourly rate -- and nothing else." *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012). "There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011). The Seventh Circuit has noted its "preference is to compensate attorneys for the amount that they would have earned from paying clients, i.e., the standard hourly rate." *Mathur* v. *Board of Trustees of Southern Illinois University*, 317 F.3d 738, 743 (7th Cir. 2003). In determining how much to award as attorneys' fees when a fee-shifting statute is involved, "the best evidence of an attorney's market rate is his or her actual billing rate for similar work." *Johnson*, 668 F.3d at 933 (7th Cir. 2012); *see also Mathur* at 743 ("the attorney's actual billing rate for comparable work is presumptively appropriate to use as the market rate.") (emphasis added).

24. The Seventh Circuit has determined "that expenses of litigation that are distinct from either statutory costs or the costs of the lawyer's time reflected in his hourly billing rates - expenses for such things as postage, long-distance calls, Xeroxing, travel, paralegals, and expert witnesses - are part of the reasonable attorney's fee" *Heiar v. Crawford County*, 746 F.2d 1190, 1203 (7th Cir. 1984).

25. Accordingly, as further supported by the attached Declaration of Attorney Robert M. Mihelich, Plaintiffs are entitled to an award of attorneys' fees and costs for $31,000.00 in this matter.

26. In short, the Settlement Agreement was reached as a result of arms-length negotiations between experienced Counsel for the parties that considered the merits of Plaintiffs' claims, Defendants' defenses to the same, and review and analysis of the evidence related thereto.

27. The Settlement Agreement represents a fair resolution of Plaintiffs' claims in light of the foregoing and the bona fide legal and factual disputes that exist with regard to Plaintiffs' claims.

28. The Settlement Agreement is between the Plaintiffs and the Defendants only. Potential class members that have not joined the Lawsuit are not subject to, nor bound by, the Settlement Agreement.

WHEREFORE, for all the foregoing reasons, Plaintiffs and Defendants request that the Court enter an Order approving the Settlement Agreement, awarding attorneys' fees and costs as

requested herein, and dismissing the case with prejudice and without further costs to either party pursuant to FED. R. CIV. P. 41.

Dated this 3rd day of October 2018.

| Respectfully submitted, | Respectfully Submitted, |
|---|---|
| /s/Stacie H. Rosenzweig Stacie H. Rosenzweig, SBN 1062123 | /s/ Robert M. Mihelich |
| shr@hallingcayo.com | Robert M. Mihelich, SBN 1022106 |
| Sean M. Sweeney, SBN 1063542 | attyrmm@bizwi.rr.com |
| sms@hallingcayo.com | |
| **Halling & Cayo S.C.** | **Law Offices of Robert M. Mihelich** |
| 320 E. Buffalo Street | 2665 S. Moorland Rd |
| Suite 700 | Suite 200 |
| Milwaukee, WI 53202 | New Berlin, WI 53151 |
| (414) 271-3400 ext. 123 (office) | (262) 789-9300 (office) |
| **Attorneys for Defendants** | **Attorneys for Plaintiffs** |