# EXHIBIT A

# SETTLEMENT AND RELEASE AGREEMENT

This Agreement is entered into between Named Plaintiffs Change Lor, Kong Lor, and Bee Yang, individually and on behalf of the members of the FLSA Collective Class, (collectively "Plaintiffs") and Defendants Lee Transportation LLC, Timothy Lee, and Jay Ku Xiong (collectively "Defendants"). Plaintiffs and Defendants are collectively referred to as the "Parties" or as a "Party" when both referred to in the singular throughout this Agreement.

WHEREAS, Change Lor, Kong, Lor and Bee Yang filed a collective action lawsuit against Lee Transportation LLC, Timothy Lee, and Jay Ku Xiong on February 14, 2017 in the U.S. District Court for the Eastern District of Wisconsin – Milwaukee Division, titled *Lor et al. v. Lee Transportation LLC et al.,* Case No. 17-cv-00199-NJ, (the "Lawsuit") alleging that Defendants violated the overtime provisions of the Fair Labor Standards Act in failing to pay the Plaintiffs at the applicable overtime rate for all hours worked;

WHEREAS, this Court ordered conditional certification of the case as a collective action, and pursuant to order of the Court, Plaintiffs provided notice of this lawsuit to 65 current and former drivers employed by Defendants;

WHEREAS, ten additional individuals, who together constitute members of the FLSA Collective Class, have each consented to join the Lawsuit as a Plaintiff and assert their claims for unpaid wages under the FLSA as alleged in the complaint;

WHEREAS, the Parties have exchanged voluminous time and payroll documents in this matter for the purposes of evaluating the merits of the claims in this matter and entering good faith settlement discussions to resolve this matter;

WHEREAS, there are bona fide disputes as to the facts and law regarding Plaintiffs' claims including, but not limited to, whether they are entitled to recover unpaid wages for their claims as well as the amount of any damages and/or liquidated or civil penalties and the applicable statutory period for such claims;

WHEREAS, the Parties desire to fully compromise and settle all existing and potential disputes for unpaid wages and to avoid the expense and uncertainty of further litigation; and

WHEREAS, this Agreement was reached following arms-length negotiations over a period of several months involving the bona fide disputes with regard to Plaintiffs' claims noted above, in which negotiations the Parties were represented by competent counsel experienced in wage and hour law.

NOW, THEREFORE, in consideration of the provisions of the mutual covenants and promises contained herein, the Parties agree to fully and completely settle Plaintiffs' claims as follows:

1. **RECITALS** – The Parties acknowledge that the foregoing recitals are true and correct and explicitly incorporate them into this Agreement.

2. **CONSIDERATION** - In exchange for the Plaintiffs' promises in this Agreement and and for such other consideration as provided in this Agreement, Defendants shall pay the total sum of $130,000.00 to Plaintiffs and their Counsel, Law Offices of Robert Mihelich, as contemplated herein and further set forth in Exhibit A.

    (a) **Payment Allocation** – $60,000 of the Settlement monies shall be paid within 10 business days of the Court's approval of this Settlement Agreement, and $5,000 per month thereafter, beginning 30 days after the due date of the initial payment, and allocated as follows and further set forth in Exhibit A:

    (i) $99,000 to the Plaintiffs for unpaid wages against Defendants under the FLSA between February 14, 2014 and the date the last of the Parties executes this Agreement. The payments contemplated in this Section shall be split as shown on Exhibit A between W-2 wages and 1099 liquidated damages, handled accordingly for tax reporting purposes, and via check addressed to the appropriate individual FLSA Collective Class member as set forth in the Exhibit A provided to Defense Counsel; and

    (ii) $31,000 to Plaintiffs' Counsel, Law Offices of Robert M. Mihelich, attorneys' fees and costs incurred in the Lawsuit and this Settlement. These payments shall be treated as 1099 payments for tax purposes and made out directly to Law Offices of Robert M. Mihelich as set forth in Exhibit A.

    Defendants shall issue the appropriate W2 and 1099 tax forms to each individual FLSA Collective Class member that corresponds to the payments as set forth in Exhibit A as required by law. Defendants shall make all required withholdings from payments characterized as W2 wages. Lee Transportation shall issue 1099 forms to the Law Offices of Robert M. Mihelich for all payments of attorneys' fees and costs as set forth in the Exhibit A.

    (b) **Timely Payment** – Allocations of the separate installment payments are set forth in Exhibit A. Should Defendants fail to make the payments as set forth in this Agreement and its Exhibits, Defendants shall have a period of ten (10) business days to cure such breach by delivering payments to Plaintiffs' Counsel. Failure by Defendants to cure such breach constitutes a violation of the mandatory injunction described in Paragraph 4 herein.

    (c) **Manner of Payment** – All payments contemplated herein and set forth in Exhibit A shall be delivered on or before the dates above to Attorney Robert M. Mihelich, 2665 S. Moorland Rd. #200, New Berlin, WI 53151.

    (d) **Plaintiffs' Acknowledgement** - Plaintiffs acknowledge that the above payment(s) represent consideration from Defendants, and they are not otherwise entitled to the above payment(s) or the other consideration provided in this Agreement if

- 3 -

Case 2:17-cv-00199-NJ   Filed 10/05/18   Page 3 of 8   Document 25-1

they do not sign this Agreement. These payments and additional consideration are sufficient to support this Agreement. Defendants make no representations as to the employment and income tax consequences to the Plaintiffs or their attorneys of the payment and benefits referenced in this Section and it is further understood that any future employment or income tax consequences (including related penalties and interest) that may arise to the Plaintiffs will not provide a basis to set aside or in any way alter this Agreement.

(e) **Uncashed Checks** – The Parties agree that all checks issued in furtherance of this Settlement Agreement as set forth above and in Exhibit A must be cashed within ninety (90) days of issuance. Any check that is not cashed within 90 days of issuance shall be considered null and void. Settlement amounts that are null and void as a result of not being cashed within 90 days of issuance shall revert to Defendants.

3. **RELEASE OF CLAIMS** – In exchange for the consideration set forth herein and in Exhibit A, the Parties agree to the following releases of wage and hour claims:

   (a) **NAMED PLAINTIFFS** – Change Lor, Kong Lor, and Bee Yang release, waive, and discharge Defendants and their employees, managers, agents, and principals from all claims for unpaid wages under the Fair Labor Standards Act ("FLSA") and Wisconsin law through the date of their execution of this Agreement.

   (b) **THE FLSA COLLECTIVE CLASS MEMBERS' RELEASES OF CLAIMS**– The FLSA Collective Class Members' claims are released, waived, and discharged as to Defendants, their employees, managers, agents, and principals by and through the Named Plaintiffs' execution of this Agreement and the Court's prospective approval of this Agreement. The Parties agree that the consideration for these releases is set forth in Section 2 above.

4. **ENFORCEMENT OF THE SETTLEMENT AGREEMENT** – The Parties agree to seek dismissal with prejudice of the Plaintiffs' released claims effective on the date on which the Settlement Agreement is approved by the Court, while also ensuring that the Court which has approved the Settlement Agreement retains jurisdiction to enforce the terms of the Settlement Agreement. Accordingly, the Parties agree to submit a proposed order – attached as Exhibit B to this Agreement– which (1) approves the Settlement Agreement as a fair and reasonable resolution of bona fide disputes under the FLSA and Wisconsin law; (2) approves an award of Attorneys' fees and costs as fair and reasonable; (2) dismisses the case with prejudice as of the date of entry of such Order, and (3) requests the entry of mandatory injunction against Defendants that:

   (a) Orders Defendants to make payments as set forth in the Settlement Agreement and its Exhibits; and

   (b) Consents to the Court's retained jurisdiction over this matter for purposes of enforcing the terms of

the settlement agreement and the mandatory injunction.

Nothing in this Agreement shall limit or waive the Plaintiffs' ability to pursue a cause of action arising out of Defendants' failure to comply with the terms of such mandatory injunction. Failure to timely comply with such mandatory injunction's terms shall result in Plaintiffs' ability to seek enforcement of the terms of the mandatory injunction, including an award of Plaintiffs' attorneys' fees and costs incurred in any such enforcement action. The Parties specifically consent to the Court's jurisdiction to enforce the Settlement Agreement in this matter and the mandatory injunction over this matter after approval of settlement and that Exhibit A satisfies the requirements of Fed. R. Civ. P. 65(d).

5. **DEFENDANTS' REPRESENTATIONS REGARDING PLAINTIFFS' MOTION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS** – Defendants represent and warrant that they will not contest Plaintiffs' Motion for an Award of Attorneys' Fees and Costs up to the amounts set forth in Section 2 above. Defendants make such representations and warranties with the explicit understanding that Plaintiffs' view such representations and warranties as material to the Plaintiffs' entering of this Agreement.

6. **NON-ADMISSION OF LIABILITY** - The Plaintiffs acknowledge that neither this Agreement, the signing of this Agreement, the furnishing of the consideration for the release in this Agreement, nor any action taken by Defendants in compliance with the terms of this Agreement constitutes or shall be construed as an admission of liability by Defendants or that Defendants have engaged in unlawful conduct.

7. **NON-DISPARAGEMENT AGREEMENT** – The Parties agree that they will not publicly disparage, defame, or slander any other party. Nothing in this Agreement shall be construed to interfere with any Party's right to respond truthfully to a lawful government inquiry, subpoena, or investigation, or to exercise rights that cannot be waived under state and federal law, including but not limited to the National Labor Relations Act and the Employment Non-Discrimination Act.

8. **SEVERABILITY OF PROVISIONS** - In the event that any provision in this Agreement is determined to be legally invalid or unenforceable by any court of competent jurisdiction, and cannot be modified to be enforceable, the affected provision shall be stricken from the Agreement, and the remaining terms of the Agreement and its enforceability shall remain unaffected, provided however, that in the event the release and/or waiver are held to be unenforceable then the entire Agreement will be null and void.

9. **JOINT PRODUCT** – The Parties each acknowledge that this Agreement is a joint product and shall not be construed against either party on the grounds of sole authorship.

10. **ENTIRE AGREEMENT** - This Agreement sets forth the entire agreement and understanding between the parties hereto. The parties have not relied on any oral statements that are not included in this Agreement. Any modifications to this Agreement must be in writing and signed by the Parties.

11. **APPLICABLE LAW -** This Agreement shall be governed by the laws of the State of Wisconsin.

12. **AUTHORITY –** Each Party executing this Agreement below represents that he or she has the authority to bind the individuals or entities of behalf of whom they execute this Agreement.

13. **COUNTERPARTS -** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

14. **COPIES** – A facsimile, electronically signed, or electronic copy of a signed version of this Agreement shall have the same force and effect as an original.

15. **PARTIES' MUTUAL REPRESENTATIONS** – The Parties hereby represent and acknowledge to that (a) they have consulted with their respective attorneys before signing this Agreement; (b) they have had a reasonable amount of time to consider the terms of this Agreement and by signing are waiving additional time for review; and (c) they have read this Agreement, understand its contents, and agree to its terms and conditions freely and voluntarily. The Parties further represent that they have instructed, and will continue to instruct, their Counsel to work cooperatively to effectuate this Agreement, including in jointly seeking Court Approval of this Agreement. If Court Approval of this Agreement is not granted, the Parties agree that all releases or obligations under this Agreement shall be null and void. If this Agreement is not approved by the Court, the Parties will work collectively to either negotiate a new settlement agreement or submit a revised schedule to the Court for this matter to continue in litigation.

[SIGNATURE PAGES TO FOLLOW – THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]

*WHEREFORE, the Parties, having fully read and understood the terms of this Agreement and having had the opportunity to consult their attorneys regarding the Agreement, have executed their signatures on the dates indicated below with the intention that they be legally bound by this Agreement. Representatives of corporate parties represent that they have the authority to execute this Agreement on behalf of the party they represent.*

**By Plaintiff KONG LOR:**

_____  _____
Signature                                              Date

**By Plaintiff CHANGE LOR:**

_____  _____
Signature                                              Date

**By Plaintiff BEE YANG:**

_____  _____
Signature                                              Date

**On behalf of Defendant LEE TRANSPORTATION, LLC:**

_____  _____
Signature                                              Date

_____
Printed Name

**By Defendant TIMOTHY LEE:**

_____  _____

Signature                                                                          Date

**By Defendant JAY KU XIONG:**

_____  _____

Signature                                                                          Date