UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHANGE LOR,
KONG LOR, and
BEE YANG, on behalf of themselves and
all others similarly situated,

      Plaintiffs,

vs.                                                             Case No. 17-CV-199

LEE TRANSPORTATION, LLC,
TIMOTHY LEE, and
JAY KU XIONG,

      Defendants.

## ORDER OF DISMISSAL WITH PREJUDICE AND ENTRY OF MANDATORY INJUNCTION

On October 4, 2018 the Parties filed a joint motion for court approval of the settlement agreement and dismissal of claims with prejudice and explained why they believe the settlement agreement reflects a reasonable compromise of the disputed issues. The Parties attached their settlement agreement to their motion, The Parties hereby agree that this case has been settled and that all issues and controversies have been resolved to their mutual satisfaction. The Parties request the Court to retain jurisdiction to enforce the terms of their settlement agreement under the authority of *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 381-82 (1994). Accordingly, the Court hereby **FINDS** that:

1.       The Settlement Agreement filed as Exhibit A to the Parties' Joint Motion for Court Approval of Settlement, Award of Attorneys' Fees and Costs, and Dismissal with

Prejudice is a fair, reasonable, and adequate resolution of bona fide disputes regarding whether Plaintiffs are entitled to additional compensation under the FLSA and Wisconsin law for alleged unpaid overtime;

2. Plaintiffs' Counsel's hourly rates of $350 per hour for Attorney Robert M. Mihelich per hour is reasonable given his experience in litigating collective and class action wage and hour lawsuits in the Eastern District of Wisconsin;

3. Plaintiffs' Counsel's costs incurred in this matter of $6,000 were reasonably incurred as a result of filing fees, deposition transcript costs, postage to provide notice of the lawsuit to the putative collective class, and accounting fees.

4. Plaintiffs' Counsel's hours expended in this matter as reflected in the Declaration of Robert M. Mihelich submitted herewith were reasonably incurred as the result of pre-filing investigation, drafting discovery, engaging in conferences with Defense Counsel and the Court, preparation for and attendance at the Fed. R. Civ. P. 30(b)(6) deposition, review and analysis of extensive time and payroll records, negotiating a settlement, drafting and finalizing documents for approval of the settlement in this matter, and discussing the alleged claims and release of claims with Plaintiffs and the collective action members.

FURTHERMORE, in order to effectuate the Parties' Settlement Agreement and allow the Court to retain jurisdiction for purposes of enforcing the Settlement Agreement, **IT IS HEREBY ORDERED** that:

5. The Parties' Settlement Agreement and their Exhibits are **APPROVED**;

6. Plaintiffs' request for an award of attorneys' fees and costs in the amount of $31,000 is **GRANTED** and shall be paid as set forth in the Settlement Agreement and its exhibits;

7. On or before October 19, 2018, or 10 business days from the Court's approval of this agreement, whichever is later, Defendants **SHALL** make all payments to the Plaintiffs according to the following table:

| EMPLOYEE | Initial Payment Payroll | Initial Payment Accts Payable | Total Initial Disbursements |
|---|---|---|---|
| CHIT, CHIT | $35.53 | $35.52 | $71.05 |
| JACKSON, KEVIN | $791.67 | $788.47 | $1,580.14 |
| LEE, ALLEN | $8,841.78 | $8,720.82 | $17,562.61 |
| LOR, CHANGE | $494.36 | $460.23 | $954.59 |
| LOR, KONG | $1,362.81 | $1,125.23 | $2,488.04 |
| MOUA, KEVIN | $1,506.61 | $1,490.98 | $2,997.59 |
| SYHABOUT, SAMSON | $5,271.02 | $5,268.14 | $10,539.16 |
| TURNER, MELVIN | $12.59 | $12.59 | $25.18 |
| VUE, BAO | $460.28 | $402.02 | $862.30 |
| YANG, BEE | $272.76 | $267.26 | $540.03 |
| YANG, MOUA | $1,019.10 | $1,019.10 | $2,038.19 |
| YANG, PA HOUA | $957.10 | $1,066.77 | $2,023.87 |
| YANG, VONG | $701.60 | $728.54 | $1,430.14 |
| Totals | $21,727.22 | $21,385.68 | $43,112.90 |

The "Initial Payment Payroll" portion will be subject to normal payroll deductions. The "Payment Accts Payable" is attributable to liquidated damages and shall have no payroll deductions taken from the payments.

8. On or before November 15, 2018, and on the 15th day of the each month thereafter, Defendants **SHALL** make all payments to the Plaintiffs according to the following table:

| EMPLOYEE | Payroll - 14 Monthly | Accts Payable 14 Monthly | Individual Portion of Installment |
|---|---|---|---|
| CHIT, CHIT | | | |
| JACKSON, KEVIN | $73.56 | $73.13 | $146.69 |
| LEE, ALLEN | $821.54 | $808.86 | $1,630.40 |

| | | | |
|---|---|---|---|
| LOR, CHANGE | $45.93 | $42.69 | $88.62 |
| LOR, KONG | $126.63 | $104.37 | $230.99 |
| MOUA, KEVIN | $139.96 | $138.29 | $278.25 |
| SYHABOUT, SAMSON | $488.89 | $488.62 | $977.51 |
| TURNER, MELVIN | | | |
| VUE, BAO | $42.69 | $37.29 | $79.98 |
| YANG, BEE | $25.30 | $24.79 | $50.09 |
| YANG, MOUA | $94.52 | $94.52 | $189.04 |
| YANG, PA HOUA | $88.77 | $98.94 | $187.72 |
| YANG, VONG | $65.07 | $67.57 | $132.65 |
| Totals | $2,012.86 | $1,979.07 | $3,991.94 |

The "Payroll" portion will be subject to normal payroll deductions. The "Accts Payable" is attributable to liquidated damages and shall have no payroll deductions taken from the payments.

9. Defendants **SHALL** make a total payment of $31,000 without any withholdings and to be reported on an IRS 1099 form, to Plaintiffs' Counsel, Law Offices of Robert M. Mihelich as follows: (a) a payment of $16,887.16 on or before October 19, 2018, and (b) fourteen monthly installment payments of $1008.06 starting on November 15, 2018.

10. Defendants **SHALL** deliver all payments described above by the respective dates set forth therein to Plaintiffs' Counsel at Law Offices of Robert M. Mihelich.

11. Should Defendants fail to make the payments as set forth in paragraphs 7 through 12, Defendants **SHALL** have a period of ten (10) business days to cure such breach by delivering payments to Plaintiffs' Counsel. Failure to timely cure such breach **SHALL** be deemed failure to comply with the mandatory injunction contained herein.

12. For any payment issued as set forth above that becomes null and void as a result of not being cashed within ninety (90) days of issuance, shall revert to Defendants.

13. Except as provided for in this order, this case is **DISMISSED** with prejudice and without further costs to either party.

Dated this 16th day of October, 2018 at Milwaukee, Wisconsin.

By: *s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge